STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT
FILED
COURTLAND R. CHAPMAN, JR

SUPERIOR COURT

04 DEC 22 PM 2:00

RHETT RIVIERE : Civil Case No.:
Plaintiff :
v. :
Northstar Marine Systems, Inc : CA 05 065 T
Defendant :

**VERIFIED COMPLAINT**

1. The Plaintiff, Rhett Riviere, is an individual whose principal residence is at 1011 South Boundry St. S.E., Aiken, South Carolina.

2. The Defendant, Northstar Marine Systems, Inc., is a corporation organized under the laws of the State of Rhode Island with a principal place of business in Narragansett, Rhode Island.

3. At all times pertinent hereto the Plaintiff was the owner of the S/V "FAR HORIZONS", an auxiliary powered sailing vessel.

4. In or about March 2003, the Plaintiff engaged the services of the Defendant to undertake and perform the installation and/or repair of certain electrical and mechanical systems on the S/V "FAR HORIZONS".

COUNT 1

Breach of Contract

5. The Plaintiff hereby incorporates above paragraphs 1 through 4 inclusive as if fully set forth and realleged herein.

6. The Plaintiff's decision to engage the services of the Defendant was based upon certain express representations made by Paul Connolly, an officer of the Defendant, regarding the qualifications of the Defendant and its employees, agents and/or

True Copy Attest
C. R. Chapman
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island



(1)

subcontractors to undertake and fully perform such services in a professional workmanlike and timely manner.

7. Pursuant to and based upon such representations of the Defendant, the Plaintiff entered into a verbal agreement whereby the Defendant was engaged to perform the installation and/or repair of certain electrical and mechanical systems.

8. As part of said verbal agreement the Defendant expressly and/or impliedly represented and warranted that all such necessary work would be performed in a timely, diligent professional workman like manner and that such work would be of yacht quality commensurate with the rebuilding of the vessel being separately undertaken by the Plaintiff through third parties.

9. The Defendant breached the terms of the verbal agreement and in so doing breached the representations and warranties regarding the workmanlike, professional and timely performance of the work and services to be performed upon the Plaintiff's vessel S/V "FAR HORIZONS" in that:

a. the work and services were not performed in a professional workmanlike manner as warranted;

b. the work and services were not performed in a timely manner as warranted;

c. the work and services were not properly performed and were required to be redone by other contractors;

d. the amount of time billed by the Defendant and the charges for same paid by the Plaintiff were greatly in excess of the value and amount of work and services actually provided;

e. a substantial portion of the work and services provided was defective; and



True Copy Attest
C. R. Ch—
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

f. a substantial portion of the work and services agreed to be provided by the Defendant within a reasonable time period were never performed and/or never performed properly and the Plaintiff was required to hire third parties to complete same at greater expense and substantial delays and inconvenience to the Plaintiff.

10. During the period between March, 2003 and July, 2004 the Defendant billed the Plaintiff for approximately 576 hours of work and services allegedly performed for which the Plaintiff paid the Defendant over $29,650.00.

11. Despite repeated requests by the Plaintiff to the Defendant for a full and complete accounting of the time spent, the work and services performed and the charges made therefore, the Defendant has failed, neglected and/or refused to provide same.

12. As a result of the Defendant's breach of the services contract, the Plaintiff has sustained monetary damages including but not limited to expenses incurred to redo the work improperly performed by the Defendant.

WHEREFORE, the Plaintiff demands a judgment against the Defendant in an amount sufficient to confer jurisdiction upon this Court, for his fees, costs and expenses incurred in bringing this suit and for such other and further relief as this Honorable Court deems just and proper.

COUNT II

Intentional Deceit / Misrepresentation

13. The Plaintiff hereby incorporates above paragraphs 1 through 12 inclusive as if fully set forth and realleged herein.

14. In inducing the Plaintiff to enter into the contract, the Defendant made a representation(s) to the Plaintiff that the Defendant knew or should have known was false.

15. The Plaintiff justifiably relied upon said representation(s) of the Defendant.

True Copy Attest

C. R. [signature]

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

16. As a result, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff demands a judgment against the Defendant in an amount sufficient to confer jurisdiction upon this Court, for his fees, costs and expenses incurred in bringing this suit, for punitive damages and for such other and further relief as this Honorable Court deems just and proper.

COUNT III

Fraud / Misrepresentation

17. The Plaintiff hereby incorporates above paragraphs 1 through 12 inclusive as if fully set forth and realleged herein.

18. The Defendant's invoices issued to the Plaintiff and for which the Plaintiff has made payment to the Defendant include labor hours and charges and/or material costs that are misrepresented in that they are grossly excessive and not in accordance with the true facts.

19. In justifiable reliance upon said invoices, the Plaintiff has made payment to the Defendant in the amount of over $29,650.00.

20. As a result, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff demands a judgment against the Defendant in an amount sufficient to confer jurisdiction upon this Court, for his fees, costs and expenses incurred in bringing this suit, for punitive damages and for such other and further relief as this Honorable Court deems just and proper.

COUNT IV

Unjust Enrichment

21 The Plaintiff hereby incorporates above paragraphs 1 through 12 inclusive as if fully set forth and realleged herein.

True Copy Attest

C. R. Ch[illegible]

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

22. In making payment to the Defendant of approximately $29,650.00, the Plaintiff conferred a benefit upon the Defendant.

23. The Defendant has accepted, received and retained the entire said amount paid by the Plaintiff.

24. Said enrichment to the Defendant under the circumstances is unjust and inequitable.

WHEREFORE, the Plaintiff demands a judgment against the Defendant in an amount sufficient to confer jurisdiction upon this Court, for his fees, costs and expenses incurred in bringing this suit, for punitive damages and for such other and further relief as this Honorable Court deems just and proper.

COUNT V

Violation of R.I.G.L. §6-13.1-1 Et Seq.

25. The Plaintiff hereby incorporates above paragraphs 1 through 12 inclusive as if fully set forth and realleged herein.

26. With respect to his dealings with the Defendant, the Plaintiff is a consumer within the meaning of R.I.G.L. §6-13.1-1 et seq.

27. With respect to its dealings with the Plaintiff, the Defendant was engaged in trade and/or commerce as those terms are defined in R.I.G.L. §6-13.1-1(4).

28. The Defendant represented to the Plaintiff that the Defendant's goods and/or services would be of a particular standard, quality or grade when in fact they were of another standard, quality and/or grade.

29. With respect to its dealings with the Plaintiff, the Defendant engaged in conduct that created a likelihood of confusion or of misunderstanding.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

30. With respect to its dealings with the Plaintiff, the Defendant engaged in acts and/or practices that are unfair and/or deceptive to the Plaintiff.

31. With respect to its dealings with the Plaintiff, the Defendant represented to the Plaintiff that work had been performed when in fact the work was not performed.

31. The aforementioned conduct and/or omissions of the Defendant constitute unfair and/or deceptive acts or practices in the conduct of trade and/or commerce and are unlawful.

32. As a result, the Plaintiff has suffered and continues to suffer damages.

**WHEREFORE, the Plaintiff demands a judgment against the Defendant in an amount sufficient to confer jurisdiction upon this Court, for his fees, costs and expenses incurred in bringing this suit, for punitive damages and for such other and further relief as this Honorable Court deems just and proper.**

THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

By: Rhett Riviere
Rhett Riviere

STATE OF Massachusetts
COUNTY OF Suffolk

In Boston, Mass., Suffolk County on the 17 day of December, 2004, before me personally appeared Rhett Riviere, to me known and known by me to be the party who signed this Verified Complaint and he made oath that the facts contained herein so far as stated upon his knowledge are true and accurate.

Susan M. Hunt
Notary Public

My Commission expires: March 11, 2005

True Copy Attest
C. R. Ch[illegible]

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

Attorney for the Plaintiff:

Peter J. Brockmann, Esq. #4355
Brockmann & Associates, Ltd.
77 Narragansett Avenue
Jamestown, Rhode Island 02835
401-423-1969
401-633-6143 fax
pbrockmann@cox.net

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island